IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:23-CR-68-TAV-DCP |
| MELODY SASSER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Melody Sasser's Motion to Continue Trial and All Associated Deadlines [Doc. 26], filed on July 19, 2023.

In her motion, Defendant Sasser asks the Court to continue the August 15, 2023 trial date and all associated deadlines. Counsel for Defendant avers that this case is complex and that he needs additional time to review all discovery, negotiate a plea agreement, and otherwise prepare for trial. Counsel states that he has discussed the instant motion with Defendant, who understands a continuance of the trial date will necessarily impact the computation of time under the Speedy Trial Act. Counsel avers that the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial. Counsel states that he has spoken with counsel for the Government, who does not oppose a continuance of this matter.

Based upon the information provided by Defendant in her motion and the lack of opposition by the Government, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B).

Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). The Court notes that defense counsel first appeared on Defendant's behalf on May 22, 2023. Defense counsel needs additional time to review the discovery in this case, engage in plea negotiations with the Government if Defendant wishes, and otherwise prepare for trial. All of this cannot be done by the August 15, 2023 trial date.[1]

The Court therefore **GRANTS** Defendant Sasser's Motion to Continue Trial and All Associated Deadlines [**Doc. 26**]. The trial of this case is reset to **December 12, 2023**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on July 19, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Sasser's Motion to Continue Trial and All Associated Deadlines [**Doc. 26**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **December 12, 2023, at 9:00 a.m.**, before the Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **July 19, 2023**, and the new trial date of **December 12, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

---

[1] The Court does not find at this time, however, that this "case is so unusual or so complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]." 18 U.S.C. § 3161(h)(7)(B)(ii). Defendant Sasser is currently the only Defendant indicted in this case and Defendant's motion fails to relate why this case should otherwise be deemed complex due to the nature of the prosecution or the existence of novel questions of fact or law. *Id.* ("Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law.").

(4) The deadline for filing pretrial motions is extended to **August 21, 2023**, and responses to motions are due on or before **September 4, 2023**;

(5) The deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 10, 2023**;

(6) The deadline for filing motions *in limine* is **November 17, 2023**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **November 20, 2023, at 10:00 a.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **December 1, 2023**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge