UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff. | ) | No. 3:23-CR-68 |
| v. | ) | |
| | ) | JUDGE VARLAN |
| MELODY SASSER, | ) | |
| Defendant. | ) | |

### UNITED STATES' SENTENCING MEMORANDUM

Comes now, the United States of America, by and through the United States Attorney for the Eastern District of Tennessee, and files this sentencing memorandum. For the reasons set forth herein, the United States respectfully submits that a sentence toward the high end of the advisory guidelines range would be sufficient but not greater than necessary to address the concerns set forth in Title 18, United States Code, Section 3553.

### I. Offense Conduct

In late 2022 and early 2023, the defendant drove approximately four hours, across state lines and gathered information about the victim. The defendant learned where the victim lived, where she shopped, where she hiked, what days the victim worked from home, what her dogs were like, and whether the victim had children. The defendant learned the victim's phone number – information the defendant used to leave voice-modulated, harassing phone calls to the victim. The defendant discovered what vehicle the victim drove and then vandalized it. (Doc. 33, Presentence Report, ¶¶ 16, 19, 20.)

Unsatisfied with the impact of that level of harassment, the defendant did more research, this time on the dark web. On the dark web, the defendant found the "Online Killers Market," where the defendant could contract with hitmen to plan and carryout

murder. The defendant hired hitmen through that website to kill the victim. The defendant shared the information she learned about the victim's address, work schedule, and dogs with the hitmen. And the defendant demanded the hitmen make the victim's murder look like a drug overdose or some type of accident to avoid a "lengthy investigation." (*Id*. at ¶ 11.)

The defendant paid a total of nearly $10,000 (in cryptocurrency) to have the victim killed. When the would-be hitmen were not moving fast enough for the defendant, she offered to pay them more money to complete the job. So focused on her plan succeeding, that the defendant repeatedly sought updates, provided information about the victim to the would-be hitmen, and insisted the plan be carried out within weeks. (*See id*. at ¶ 24.)

When the scheme was discovered and the defendant's home was searched, investigators found a laptop with the victim's photograph, a journal chronicling the defendant's dark web searches and communications, and a stack of U.S. Currency alongside a list of other hitmen websites. (*Id*. at ¶ 29.) The defendant admitted her conduct in these offenses when interviewed by law enforcement. (*Id*. at ¶ 28.)

## Guidelines

The defendant's PSR calculates the defendant's Guidelines at a base offense level of 32. (*Id.* at ¶ 35). The defendant has no criminal history. The resulting total offense level, after acceptance of responsibility, is level 29, criminal history category I, with a guideline range of 87 to 108 months. (*Id*. at ¶ 69.) There have been no objections to the Presentence Report.

## 3553(a) Factors

In addition to the Guidelines range and the recommendations of the Sentencing Commission, the Court must also consider the Title 18, United States Code, Section 3553(a)

2

Case 3:23-cr-00068-TAV-DCP   Document 38   Filed 09/04/24   Page 2 of 4   PageID #: 160

factors. The factors in Title 18, United States Code, Section 3553(a) support a conclusion that a sentence at the high end of the defendant's Guidelines range is appropriate in this case.

As provided in Title 18, United States Code, Section 3553(a)(2), the Court shall consider the following factors: (1) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (2) the need for the sentence to afford adequate deterrence; (3) the need to protect the public from further crimes of the defendant; and (4) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment. A sentence towards the high end of the guidelines would be sufficient, but not greater than necessary to advance the goals set forth in 18 U.S.C. § 3553.

The offense in this case is serious. The defendant was organized, calculated, and committed to ensuring the victim's murder. The defendant's actions show that she wanted to terrorize the victim and ultimately have her killed. The escalation of the harassment to the hiring of the hitmen over a course of just a few months demonstrates the defendant's commitment and her state of mind. The defendant's harassment of the victim and the defendant's messages to the hitmen show a deeply disturbing and callous regard for the severity of the conduct—the defendant was willing to do whatever it would take to make sure the victim was killed. It is difficult to imagine a more serious offense.

The court should also consider the need for deterrence and to protect the public. The defendant does not have any criminal history; that, coupled with her age, suggests she is not a high risk for re-offending. The conduct in this case, however, does show a level of determination that is noteworthy. It is unlikely the defendant would have independently stopped her quest to have the victim killed if law enforcement had not thwarted her efforts.

Moreover, the need for general deterrence is critical here. The use of the dark web to commit offenses is an increasing issue for law enforcement. The ease and anonymity of the dark web enable individuals, like the defendant, to commit offenses with a lesser risk of detection or capture. A sentence towards the high end of the guidelines in this case would go a long way to meeting that goal and provide for general deterrence. It would also protect the public from a defendant who demonstrated she had the manner, means and desire to commit this terrifying offense.

## Conclusion

For the reasons set forth above, the United States respectfully submits that a sentence at the high end of the advisory guidelines range is appropriate under the circumstances in this case and would be sufficient but not greater than necessary to accomplish the sentencing purposes embodied in Title 18, United States Code, Section 3553(a)(2). The United States reserves the right to produce evidence in support of this sentencing memorandum.

Respectfully submitted this the 4th day of September, 2024.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By: *s/Anne-Marie Svolto*
ANNE-MARIE SVOLTO, BPR# 025716
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167
anne-marie.svolto@usdoj.gov